NOT FOR PUBLICATION

|  | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
|---|---|
| KINGVISION PAY-PER-VIEW LTD. as Broadcast License of the NOVEMBER 13, 2004 RUIZ/GALOTA Program, : Plaintiff, : v. : ENRIQUE RODRIGUEZ, et al., : Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No.  05-3056 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Kingsvision Pay-Per-View ("Plaintiff") for Entry of Final Judgment by Default pursuant to Federal Rule of Civil Procedure 55 against Enrique Rodriguez and My Casa Restaurant & Bar ("Defendants") for theft of cable services in violation of the Communications Act of 1934, as amended, 47 U.S.C. § 553 et seq. ("Communications Act").  In this motion, Plaintiff seeks damages, an injunction, and attorney's fees and costs.  Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After careful review of the record, Plaintiff's Motion for Default Judgment is **granted**.

I. Discussion A. Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  Default judgment is generally disfavored because it prevents a resolution of a plaintiff's claims on the merits.  Thus, when considering a motion for default judgment, a court must exercise sound judicial discretion.  Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d

Cir. 1988). However, once a default judgment is entered, "it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as between the parties as a judgment rendered after a trial on the merits." 10 Wright et al., Federal Practice and Procedure, § 2684 at 419-20. In other words, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). It should be noted, however, that a party seeking default judgment is not entitled to such relief as a matter of right, even where the defendant is technically in default. See E.I. Dupont de Nemours & Co. v. New Press, Inc., 1998 WL 159050, at *2 (E.D. Pa., March 16, 1998) (citing 10 Wright et al., Federal Practice and Procedure § 2685).

### B. Admitted Facts

The evidence offered in Plaintiff's Memorandum of Law establishes the following facts. Operators of taverns and restaurants in the New Jersey area unlawfully intercepted and exhibited the Ruiz/Golota Pay-Per-View boxing event on November 13, 2004. (Plaintiff's Memorandum of Law in Support of its Motion for Default ("Pl. Br.") at 1). Plaintiff owns the distribution rights to the November 13, 2004, boxing event, which was broadcast both by closed circuit television and encrypted satellite signal. (Id.) Commercial establishments could legally receive an unscrambled signal and view the event in return for paying a fee to Plaintiff. (Id. at 2). Defendants chose not to pay this fee and through improper methods they illegally obtained programs without paying Plaintiff for the rights to show the boxing event. (Id.)

In order to combat the erosion of market sales caused by piracy, Plaintiff hired investigative agencies to visit various bars and restaurants located in New Jersey on November 13, 2004, to determine whether these places were illegally intercepting and displaying the event

without Plaintiff's authorization. (Id.) An investigator discovered Defendants were illegally displaying the boxing event. (Id. at 3).

Plaintiff properly served Defendants with a Summons and Complaint. Defendants failed to answer or otherwise appear within the required time. Plaintiff then sought entry of default, which was received by the Clerk of Court on September 27, 2005. This Court now grants Plaintiff's request and enters Default Judgment against Defendants.

### C. Calculation of Damages

The Third Circuit determined §605 of the Communications Act applies in cases where a defendant uses a satellite to pirate a cable signal. TKR v. Cable City Corp., 267 F.3d 196, 205-06 (3d. Cir. 2001). Section 553 applies where a defendant illegally uses a cable signal. Id. at 205. Here § 605 applies because Defendant and his establishment used its satellite dish to pirate the boxing event, which originated and was transmitted by satellite. (Pl. Br. at 5). Therefore, Plaintiff has requested damages pursuant to § 605.

A plaintiff that has established liability under the Communications Act may choose between actual or statutory damages. Although Plaintiff lost revenue due to Defendant's actions, it is difficult to quantify the damages due to the nature of the offense. Due to its inability to calculate the amount of damages, Plaintiff has requested this Court award the statutory amount of $10,000 in damages. (Pl. Br. at 5). Due to the nature of Defendant's violation and the need for this Court to fashion a statutory penalty sufficient to deter similar conduct, $10,000 is awarded.

Plaintiff has pointed out that this Court does have discretion to award additional damages for the intentional, unlawful interception of the closed circuit television signal of the November 13, 2004, boxing event in an amount not exceeding $100,000.00. I decline to award

additional damages for Defendant's violation of the Communications Act. The inspector entered Defendant's establishment without paying a cover and witnessed ten individuals watching the boxing fight. (Pl. Br. at 3). Based on the fact the inspector was not charged a cover fee, it can be assumed the other patrons did not pay a fee. Defendant could not have made that much in additional profits that night if he did not charge a cover fee and only ten people watched the game. Therefore, I find awarding Plaintiff $10,000 in damages to be appropriate.

### D. Attorney's Fees

Under 47 U.S.C. § 605 (e)(3)(B)(iii) plaintiffs may recover reasonable attorney's fees if they prevail. "The court shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605 (e)(3)(B)(iii). Plaintiff has requested $2,043.75 in attorney's fees and costs. The Court finds this to be a reasonable request. Accordingly, Defendants must each pay $2,043.75 to Plaintiff.

### D. Pre-Judgment Interest

Under New Jersey Court Rules 4:42-11b pre-judgment interest may be awarded to tort recoveries. In Prostar v. Massachi, the Fifth Circuit held that cable piracy was analogous to the tort of conversion. 239 F.3d 669 (5th Cir. 2001). The Court has discretion to compensate a plaintiff for a defendant's use of its money after the cause of action accrued but before the judgment was entered. Hurely v. Atlantic City Police, 933 F. Supp. 396, 398 (D.N.J. 1996). The interest rate to be applied in this case is 9% and 394 days have past since the date of the event. Therefore, this Court awards pre-judgment interest to Plaintiff in the amount of $973.18.

### F. Injunction

Pursuant to § 553(c)(2)(A) of the Communications Act, a court may issue a final injunction in such terms that are reasonable to prevent or restrain Defendant from performing

any further violations of § 553(a)(1).  Accordingly, this Court permanently enjoins Defendants from committing or assisting in the commission of any further violation of the Communications Act.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **granted**. Plaintiff's request for damages and litigation costs is **granted** in the amount of $13,016.93 from each Defendant.  An Order accompanies this Opinion.


       S/ Dennis M. Cavanaugh
       DENNIS M. CAVANAUGH, U.S.D.J.


Date:        December 9, 2005
Original:    Clerk's Office
Copies:      All Counsel of Record
             File